UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

-------------------------------------------------------X
ROSALIE SOLLER and
DAVE KENNETH SOLLER,

                  Plaintiffs,

-against-

BADGE #5972; JOHN DOE (2nd Policeman);
ROAD SUPERVISOR #43G; SOCIAL
SERVICES REPRESENTATIVE;
SUFFOLK COUNTY POLICE DEPT.;
SUFFOLK COUNTY POLICE DEPT.
CHIEF EXECUTIVE; COUNTY OF
SUFFOLK EXECUTIVE; COUNTY OF
SUFFOLK; and TOWN OF SMITHTOWN,

                  Defendants.
-------------------------------------------------------X

**ORDER**

12-CV-167 (SJF)(WDW)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ FEB 1 6 2012 ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

*Pro se* plaintiffs Rosalie Soller ("Rosalie") and Dave Kenneth Soller ("Dave") (collectively, "plaintiffs") filed a complaint pursuant to 42 U.S.C. § 1983 against the County of Suffolk, the Town of Smithtown, and certain individual officials and agencies, accompanied by applications to proceed *in forma pauperis*. For the reasons set forth below, plaintiffs' applications to proceed *in forma pauperis* are denied and plaintiffs are directed to remit the statutory filing fee of three hundred fifty dollars ($350.00), see 28 U.S.C. § 1914(a), **on or before March 5, 2012,** or this action will be dismissed in its entirety without prejudice.

I.      Discussion

Section 1915(a)(1) provides, in relevant part, that "any court of the United States may authorize the commencement * * * of any suit, action or proceeding, civil or criminal, * * *, without prepayment of fees or security therefor, by a person who submits an affidavit * * * that the

1

person is unable to pay such fees or give security therefor." To qualify for *in forma pauperis* status under Section 1915(a)(1), "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co.,Inc., 335 U.S. 331, 339, 69 S.Ct. 85, 93 L.Ed. 43 (1948) (internal quotation marks and citations omitted). "Section 1915(a) does not require a litigant to demonstrate absolute destitution; no party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life." Potnick v. Eastern State Hosp., 701 F.2d 243, 244 (2d Cir. 1983).

In her declaration in support of the application to proceed *in forma pauperis*, Rosalie asserts monthly income in the amount of one thousand dollars ($1,000.00); "a few hundred dollars" in a bank account; ownership of a car; and monthly liabilities in the amount of approximately six hundred eighty-eight dollars ($688.00), i.e., a monthly payment of three hundred dollars ($300.00) for a home equity loan[1] and a weekly payment of ninety-seven dollars ($97.00) for a car loan. Rosalie also indicates that she does not provide support for anyone but herself.

In his declaration in support of the application to proceed *in forma pauperis*, Dave indicates, *inter alia*, that he is currently employed as an "independent dancer, singer, actor," for which he earns "approximately several hundred dollars per month;" that he has approximately fifteen thousand dollars ($15,000.00) in a bank account; that he owns a car "with his parents;" that he does not support anybody but himself; and that he does not pay any rent or mortgage. Indeed, Dave does not indicate any monthly liabilities at all. Both plaintiffs reside at 120 Terry Road, Smithtown, New York, but they do not indicate whether they own or rent their home and their

---

[1] However, Rosalie does not indicate ownership of any home in her declaration. The only property Rosalie indicates that she owns is a car, the value of which she does not approximate.

2

relationship is unknown.

Plaintiffs' declarations are insufficient to support a finding of indigency. Therefore, their applications to proceed *in forma pauperis* are denied. **On or before March 5, 2012**, plaintiffs shall pay the three hundred fifty dollar ($350.00) statutory filing fee or this action will be dismissed in its entirety without prejudice.

Plaintiffs are cautioned, however, that the payment of the filing fee will not preclude the Court from reviewing the complaint for sufficiency and that, regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case *sua sponte* if it determines that the action is frivolous or the court lacks jurisdiction over the matter.[2] See Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-364 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

SO ORDERED.

SANDRA J. FEUERSTEIN
United States District Judge

Dated: February 16, 2012
Central Islip, New York

---

[2] The Amended Complaint alleges that some of the defendants broke down the door at 120 Terry Road and "questioned Dave Kenneth about alleged death of parents," (Complaint III.C.), and asserts claims for "false imprisonment in house," "excessive questioning," and "wrongful accusation." (Complaint IV.) The Amended Complaint does not allege that plaintiffs were arrested or prosecuted for any crimes, or otherwise suffered any other deprivation of rights under the Fourth Amendment. In addition, the Amended Complaint does not allege any injury to Rosalie.

3